Curran, Dennis J., J.
Michael Baggett, an inmate at MCI-Norfolk, has sued Harold W. Clarke in his official capacity as Commissioner of the Massachusetts Department of Correction. Baggett alleges that much of his personal property was thrown away by prison *200 guards after he was removed from his cell. He brings this action under 42 U.S.C. §1983, the Massachusetts Tort Claims Act, G.L.c. 258, and the Massachusetts Civil Rights Act, G.L.c. 12, § 1II. He also alleges simple negligence. The Department has moved to dismiss the complaint. For the reasons that follow, the Department’s motion is ALLOWED.
I.Claims Under 42 U.S.C. §1983
Congress enacted 42 U.S.C. §1983 to establish liability for “[e]veiy person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.” Under §1983, however, a state officer sued in his official capacity is not considered a person, and therefore, is not subject to suit. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) (“Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official’s office. As such, it is no different from a suit against the [s]tate itself’ (citation omitted)). Therefore, Baggett’s claim for retrospective damages under §1983 cannot survive.
II.Claims Under the Tort Claims Act
The Massachusetts Tort Claims Act, G.L.c. 258, waives sovereign immunity for certain claims against the Commonwealth or its employees. The Act does not, however, waive immunity for intentional torts, § 10(c), or the “lawful detention of any goods ... by any law enforcement officer,” § 10(d). To the extent that Baggett claims correctional officers intentionally destroyed his property, the action against the Department is barred by § 10(c). In Vining v. Commonwealth, 63 Mass.App.Ct. 690, 694-95 (2005), the Appeals Court held that when properly was negligently lost by law enforcement officials, § 10(d) barred liability. Correctional officers are considered law enforcement officers under the Act. Gunter v. Superintendent, Old Colony Correctional Center, 72 Mass.App.Ct 1101 (2008) (decision pursuant to Rule 1:28). Therefore, if Baggett’s property was negligently destroyed, liability is barred by § 10(d). The Act’s waiver of immunity does not allow Baggett’s claims thereunder or for simple negligence to proceed.
III.Claims Under the Civil Rights Act, G.L.c. 12, §111
To survive a motion to dismiss a claim under the state Civil Rights Act, G.L.c. 12, §1II, a plaintiff must allege “that (1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion." Bally v. Northeastern University, 403 Mass. 713, 717 (1989) (internal quotation marks omitted). Here, Baggett has alleged no facts suggesting “threats, intimidation or coercion.” Therefore, his action under the state Civil Rights Act cannot survive.
ORDER
For the foregoing reasons, the Department’s Motion to Dismiss is ALLOWED. Judgment shall enter for the defendant forthwith.